UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROBERT BARRINGTON,

        Plaintiff,

  v.

SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT,

        Defendant.
_____/

NO. CIV. S-08-02420 FCD/EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant San Joaquin County Sheriff's Department's ("SJCSD") motion to dismiss plaintiff Robert Barrington's ("Barrington") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant contends that plaintiff failed to state a claim under 42 U.S.C. Section 1983 because: (1) the SJCSD is neither a legal entity nor "person" within the meaning of the statute and, consequently, is not a proper defendant; and (2) the SJCSD acted pursuant to a mandatory state directive and is thus immune under the Eleventh
/////

1

Amendment. (Def.'s Mem. in Supp. of Mot. to Dismiss ("MTD"), filed Dec. 29, 2008, at 1.)  For the reasons set forth below,[1] defendant's motion to dismiss is GRANTED, with leave to amend.

## BACKGROUND

Plaintiff's claims arise from the following alleged facts:

On October 20, 2006, deputies of the SJCSD, responding to a domestic violence dispute, arrested Barrington outside his residence and placed him in the back of a patrol car. (Compl., filed Oct. 10, 2008, ¶ 19.)  Over Barrington's objections, and without a search warrant, the deputies proceeded to enter and search Barrington's residence, collecting a "series of firearms" and removing them from the residence. (Id. ¶¶ 19-20.)  The deputies stated that they acted pursuant to an "official policy" of the SJCSD, purportedly based on California Penal Code Section 12028.5.  (Id. ¶¶ 22-23.)  Based on the foregoing, plaintiff brought an action under 42 U.S.C Section 1983, claiming that the SJCSD's policy violated his Fourth Amendment rights. (Id. ¶ 35.)

## STANDARD

**A.   Motion to Dismiss**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 78-230(h).

2

need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." U.S. ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id.  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

**B.   Motion to Amend**

Federal Rules of Civil Procedure 15(a) states that "t]he court should freely give leave when justice so requires."  "Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).

3

**ANALYSIS**

**A.   Proper Defendants under Section 1983**

Pursuant to 42 U.S.C. section 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  Section 1983 confers no substantive rights itself, but rather, "provides remedies for deprivations of rights established elsewhere."  City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985).

As used in section 1983, the term "person" encompasses "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities," but not "municipal departments."  Vance v. County of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996); Garcia v. City of Merced, No. 1:07-CV-00867-OWW-DLB, 2008 WL 115201, at *19 (E.D. Cal. Jan. 10, 2008) ("'Persons' do not include municipal departments."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504 (D. Conn. 2008) ("Although a municipality is subject to suit pursuant to [section 1983] . . ., a municipal police department is not." (citations omitted)).  Thus, while section 1983 protects plaintiffs against deprivations by municipalities and counties, "'[n]aming a municipal department as a defendant is not an appropriate means of pleading a [section] 1983 action against a

4

1  municipality.'" Garcia, 2008 WL 115201, at *19 (quoting Stump v.
2  Gates, 777 F. Supp. 808, 816 (D. Colo. 1991)); Vance, 928 F.
3  Supp. at 995-96.

4      Here, plaintiffs name the SJCSD as defendants.  (Compl. ¶
5  4.)  Because the sheriff's department is not a proper party to
6  suit under Section 1983, defendant's motion to dismiss on this
7  basis is GRANTED.

8  **B.   Eleventh Amendment Immunity**

9      In his opposition, plaintiff requests leave to amend the
10 complaint if the court finds it deficient in some respect.
11 Defendant asserts that Eleventh Amendment immunity applies
12 because the SJCSD acted pursuant to a mandatory state directive.
13 The court interprets defendant's motion to dismiss on this basis
14 as an opposition to plaintiff's motion to amend because amendment
15 would be futile.

16     According to defendant, the SJCSD simply acted pursuant to a
17 state law and was thus a "state actor" for purposes of Eleventh
18 Amendment immunity.  (MTD at 4-8.)  States and state officials
19 sued in their official capacity are not considered "persons"
20 under section 1983 and "are immune from liability under the
21 statute by virtue of the Eleventh Amendment and the doctrine of
22 sovereign immunity." Venegas v. County of Los Angeles, 32 Cal.
23 4th 820, 829 (2004) (emphasis removed).  The United States
24 Supreme Court has held that where a sheriff "represents the
25 state" in his or her final policy-making authority, he or she is
26 a "state actor" for purposes of Eleventh Amendment immunity.
27 McMillian v. Monroe County, Ala., 520 U.S. 781, 784-86 (1997);
28 see also Venegas, 32 Cal. 4th at 829 ("The rule exempting the

state and its officers applies to officers such as sheriffs if they were acting as state agents with final policymaking authority over the complained-of actions."). Thus, whether a local government official, and hence the county, qualifies for Eleventh Amendment immunity depends on whether the government official acted as a final policy-maker for the *county* or the *state*. In making this determination, the court must look to state law.

Where a county official complies with a state law that affords no discretion in how the law is implemented, that official acts as an "arm of the state." See, e.g., Streit v. County of Los Angeles, 236 F.3d 552, 564 (9th Cir. 2001) (noting that when a sheriff acts upon a warrant, he or she "is tasked under California state law"); McNeely v. County of Sacramento, Nos. 2:05-cv-1401-MCE-DAD, 2:05-cv-2549-MCE-DAD, 2008 WL 489893, at *5 (E.D. Cal. Feb. 20, 2008) (noting that because the California Penal Code "obligated" the sheriff "to keep a detainee in county jail 'until legally discharged,'" the sheriff had no discretion to release the plaintiff while criminal charges were pending and was thus a "state actor"). To the extent the county sheriff's department simply implemented that which it was required by state law to do, the county is afforded the protections of the Eleventh Amendment. Id.

The state law at issue in this case provides that a law enforcement official "who is at the scene of a domestic violence incident involving a threat to human life or a physical assault, shall take temporary custody of any firearm or other deadly weapon in plain sight or discovered pursuant to a consensual or

6

1 other lawful search as necessary for the protection of the peace
2 officer or other persons present." Cal. Penal Code § 12028.5(b).
3 Plaintiff claims that the Sheriff Department's policy
4 implementing this state law violates the Fourth Amendment.
5 (Compl. ¶ 18.) Specifically, plaintiff alleges that the SJCSD
6 has an "official custom policy and practice" whereby SJCSD patrol
7 deputies "regularly enter the residences of domestic violence
8 suspects" and conduct searches and seizures without a valid
9 warrant or warrant exception. (Compl. ¶¶ 18-19.) Accordingly,
10 the issue raised in this motion is whether the California Penal
11 Code mandates the specific policy in dispute.

12      To support its contention that the SJCSD policy merely
13 enforces California state law, defendant emphasizes the portion
14 of the aforementioned statute providing that a peace officer at
15 the scene of a domestic violence dispute "shall" take temporary
16 custody of firearms. (See MTD at 8 (quoting Cal. Penal Code §
17 12028.5(b)).) However, in the portion not cited by defendant,
18 the statute requires seizure of weapons discovered "in plain
19 sight" or found in the course of a "consensual" or other "lawful
20 search." Cal. Penal Code § 12028.5(b). Here, plaintiff alleges
21 that the deputies acted pursuant to a policy that allowed
22 searches and seizures in the absence of consent or a warrant.
23 (Compl. ¶¶ 18-19.) In other words, plaintiff alleges that
24 defendant acted *contrary* to the terms of the statute.

25      Defendant maintains that it is irrelevant whether defendant
26 acted contrary to the state directive, so long as defendants
27 policy was implemented "in furtherance of enforcing" the state
28 law. (MTD at 8; Def.'s Reply to Pl.'s Opp'n, ("Reply"), filed

Feb. 12, 2009, at 5.)  This argument is unavailing.  In <u>Gottfried v. Medical Planning Services</u>, a case upon which defendant relies, the Sixth Circuit held that the defendant sheriff acted as an arm of the state when enforcing a state court injunction.  280 F.3d 684, 693 (6th Cir. 2002).  In so finding, the court emphasized that the sheriff had no discretionary authority to act otherwise. <u>Id.</u>  Indeed, the sheriff was "bound to enforce [the injunction] by its terms and there [was] no evidence that it was ever enforced otherwise." <u>Id.</u>  Here, plaintiff alleges that defendant's policy encourages action that *violates* the state law, i.e., that the policy *does not* abide by the terms of the state directive.  (Compl. ¶¶ 18, 22.)  To the extent there exists a factual issue as to whether defendant's policy was instituted and implemented pursuant to state law, the court cannot dismiss on a 12(b)(6) motion.

    Furthermore, the discretionary nature of instituting and implementing a department policy distinguishes this case from the cases cited by defendant.  In <u>Streit v. County of Los Angeles</u>, another case upon which defendant relies, the Ninth Circuit distinguished law enforcement activity, such as enforcing a warrant, from administrative activities, such as administering a prisoner release policy.  236 F.3d 552, 564-65 (9th Cir. 2001). While the former constitutes state action, the latter does not. <u>Id.</u>; <u>see also</u> <u>County of Los Angeles v. Superior Court of Los Angeles County</u>, 68 Cal. App. 4th 1166, 1169-72 (2d Dist. 1998) (holding that sheriff acted as a state official in relying on a warrant and detaining plaintiff after she had posted bail).  By instituting and implementing the policy as alleged, the SJCSD's

actions (unlike enforcing a warrant or court order by its terms) necessarily require a certain amount of discretion.

Accordingly, taking plaintiff's allegations as true and drawing all reasonable inferences therefrom, amendment would not be futile.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is GRANTED.  Plaintiff is granted leave to amend with respect to his claims.  Plaintiff shall have 10 days from the date of this order to file his amended complaints.  Defendant shall have 20 days after service thereof to file a response thereto.

IT IS SO ORDERED

DATED: February 25, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE